# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LINGLONG AMERICAS, INC., et al.,** | ) | **CASE NO. 1:15 CV 1240** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| **HORIZON TIRE, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion to Dismiss or Stay Pending Arbitration filed by Plaintiffs, the Linglong Entities ("Linglong"), on January 8, 2016. (Docket #38.) Linglong argues that, pursuant to Fed. R. Civ. P. 12(b) and an expired 2006 Collaboration Agreement which included an Arbitration Clause, the claims raised in the Amended Counterclaim filed by the Horizon Tire Defendants ("Horizon") are subject to mandatory arbitration and must be dismissed or the case stayed.

**Factual and Procedural Background**

In May 2015, Horizon filed two lawsuits against Linglong in the Central District of California, both of which Linglong sought to have transferred to the Northern District of Ohio. (Central District of California Case Nos. 2:15 CV 3513 and 2:15 CV 4254). Horizon alleged, in part, that it had been Linglong's exclusive distributor for Crosswind tires in the United States pursuant to various oral and written agreements between the Parties and that Linglong tortiously

injured its business, committed fraud, and breached its agreements with Horizon.  (Docket #44 at p. 9.)  Linglong filed Motions to Transfer those cases to Federal Court in Ohio, arguing that, "the case[s] should be sent [to federal court in Ohio] for proper adjudication of all claims with all necessary parties" and that "[a]ll of the actions based on the same failed business relationship can be consolidated in Ohio."  (Linglong's Motion to Transfer Venue, Docket No. 15 in Case No. 2:15 CV 3513 and Docket No. 13 in Case No. 2:15 CV 4254.)  Linglong then filed a Complaint against Horizon in this Court on June 19, 2015, arguing that it did not have an exclusive distributorship agreement with Horizon and also asserting claims for breach of contract, tortious interference, unfair competition, and deceptive trade practices.

In reliance on the assurances of Linglong, Horizon voluntarily dismissed the California Litigation on October 6, 2015.  Horizon filed its Answer and Counterclaim in this Court on October 5, 2015, including reference to a "2006 contract between Horizon and Linglong China." (Docket #15 at p. 22.)  A Status Conference was held on November 10, 2015, during which the Partes agreed upon a discovery schedule and dispositive motion deadlines.  Neither party made mention of arbitration.  Linglong then filed an Amended Complaint and Horizon filed an Amended Counterclaim.  The Parties have engaged in extensive discovery, with Linglong serving Horizon with more than 1,400 requests for admission, interrogatories and requests for production.  Horizon asserts that it has expended significant resources responding to Linglong's discovery requests and that Linglong has had the benefit of discovery methods not available in arbitration in China.

<strong>Linglong's Motion to Dismiss or Stay</strong>

On January 8, 2016, Linglong filed its Motion to Dismiss or Stay Pending Arbitration. (Docket #38.)  Linglong argues that the Arbitration Clause set forth within the expired 2006

Collaboration Agreement – a Collaboration Agreement which Linglong argues is invalid and to which it argues it was not a party – should be enforced against Horizon, asserting that Horizon's Counterclaims arise out of the Arbitration Clause.  The Arbitration Clause, as set forth at Paragraph 9 of the Collaboration Agreement, reads as follows:

> Any disputes or claims arising out of this agreement, if no settlement can be reached through negotiations between the two Parties, shall be submitted to arbitration by the China International Trade Arbitration Commission.

In its Motion to Dismiss or Stay, Linglong argues that, **"the Linglong Entities dispute the validity of the Collaboration Agreement – specifically as it relates to claims asserted against them**" and in its Reply Brief states:

> The **Linglong Entities' claims do not rely on or flow from the Collaboration Agreement, nor could they, as that is not an agreement to which any of them is a party**.  Regardless, Horizon admits **the Collaboration Agreement is expired**.  Those facts alone foreclose Horizon's waiver argument because the Linglong Entities' claims do not arise out of identical facts and legal issues as Horizon's counterclaims – **while Horizon's claims arise out of the Collaboration Agreement, the Linglong Entities' claims most certainly do not**.

(Docket #38 at pp. 5; Docket #45 at p.13.  Emphasis added.)

On February 10, 2016, Horizon filed its Opposition Brief.  (Docket #44.)  Horizon argues that the Collaboration Agreement expired in 2011 and that the claims raised in its Amended Counterclaim are not otherwise subject to the Arbitration Clause.  Further, Horizon asserts that even if any of its Counterclaims are subject to the Arbitration Clause, Linglong waived its right to compel arbitration.  Linglong filed its Reply Brief on February 24, 2016.  (Docket #45.)

## Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery.  *See Yuhasz v. Brush*

-3-

*Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

A party may waive its right to arbitrate if it takes actions that are completely inconsistent with reliance on an arbitration agreement or delays asserting its right to arbitrate to such an extent that the opposing party incurs actual prejudice. *Barna v. Wackenhut Services, LLC*, No. 1:07-CV-147, 2007 U.S. Dist. LEXIS 82886, at *12-13 (N.D. Ohio Oct. 25, 2007). Given the Federal policy favoring arbitration, however, a waiver of the right to arbitration is "not to be lightly inferred" and the party seeking to prove waiver bears a heavy burden of proof. *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001); *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991). Courts consider several factors, including filing responsive pleadings while not asserting a right to arbitration; engaging in extensive discovery; using discovery methods not available in arbitration; litigating issues on the merits; delay in invoking an arbitration right and seeking a stay; and, prejudice to the opposing party. *Reidy v. Cyberonics, Inc*., Case No. 1:06 CV 249, 2007 U.S. Dist. LEXIS 9568, at *12-13 (S.D. Ohio Feb. 8, 2007) (citing *Konica Minolta Bus. Solutions, U.S.A., Inc. v. Allied Office Prods., Inc.*, Case No. 2:06 CV 71, 2006 U.S. Dist. LEXIS 93640 (S.D. Ohio Dec. 27, 2006)).

Linglong is asking the Court to enforce provisions of a Collaboration Agreement to which it argues it is not a party; is expired; is invalid specifically as it relates to the claims asserted against them by Horizon; and, has no relationship to the claims it asserts against Horizon. As explicitly stated in its Opposition Brief, Horizon agrees with Linglong that the 2006 Collaboration Agreement is no longer enforceable and affirmatively represents to the Court that

-4-

its claims arise out of facts and circumstances that occurred after the Collaboration Agreement expired. (Docket #44 at p. 6.)

Further, Linglong has waived its right to arbitrate by proceeding in a manner wholly inconsistent with arbitration to the prejudice of Horizon and, given that the initial claims made by Horizon and Linglong both included reference to the existence of an exclusive distributorship or lack thereof, Linglong's claim that it was blind sided by Horizon referencing the expired 2006 Collaboration Agreement, and therefore that any delay in seeking arbitration should be excused, is not well taken. Further, despite Linglong's own self-serving statements, there is no basis upon which to find that Horizon deliberately concealed the existence of the expired 2006 Collaboration Agreement, which Horizon represents to the Court does not serve as the basis for its claims, from Linglong.

## Conclusion

Based on the foregoing, the Motion to Dismiss or Stay Pending Arbitration filed by the Linglong Plaintiffs (Docket #38) is hereby DENIED.

IT IS SO ORDERED.

        s/Donald C. Nugent
        DONALD C. NUGENT
        United States District Judge

DATED: May 6, 2016