## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **LINGLONG AMERICAS, INC., et al.,** | ) | **CASE NO.  1:15 CV 1240** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| **HORIZON TIRE, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion for Protective Order filed by Plaintiffs, the Linglong Entities ("Linglong"), on February 10, 2016 (Docket #43) and the Motion to Compel the Deposition of Feng Wang ("Mr. Wang") in Ohio filed by Defendants, Horizon Tire, et al. ("Horizon"), on February 29, 2016 (Docket #46).  Linglong asks the Court to hold Mr. Wang's deposition in abeyance and to preclude Horizon from conducting the deposition of Mr. Wang in Ohio.  Horizon moves the Court to compel Mr. Wang's deposition in Ohio and argues there is no basis for delay.

Linglong has failed to satisfy its burden under Fed. R. Civ. P. 26(b)(1) of establishing good cause for a protective order.  Fed. R. Civ. P. 26(c)(1) enumerates several circumstances which may justify a protective order moving a deposition from the chosen forum, including annoyance, embarrassment, oppression, or undue burden or expense.  None of those factors are present in this case and there is no basis upon which to grant a protective order or delay Mr.

Wang's deposition.

Linglong filed its claims against Horizon in the Northern District of Ohio; encouraged the transfer of Horizon's claims against Linglong from California to Ohio; and, admits Mr. Wang is the President of the Linglong Entities – which is incorporated in and has its principal place of business in Medina, Ohio.  Mr. Wang is a central witness in this case.[1]  The costs associated with Mr. Wang's travel to Ohio for deposition are negligible in the context of this case; Linglong does not dispute that Mr. Wang travels internationally, including travel to the United States; and, as noted by Horizon, Linglong's attorneys are located in Cleveland and Washington, D.C.  Linglong has offered to make Mr. Wang available in any state other than Ohio, making its assertion of hardship null.

Further, as set forth in a separate Order of the Court filed contemporaneously herewith, Linglong has waived arbitration through its own actions in this case and, therefore, disposition of Linglong's Motion to Dismiss or Stay does not serve as a basis upon which to postpone Mr. Wang's deposition.  In addition, the fact that Mr. Wang wishes to avoid service in Ohio, the very forum chosen by Linglong Americas, which is incorporated in and has its principal place of business in Ohio, to litigate this case, fails to suffice as a reason why this Court should move and/or postpone Mr. Wang's deposition.

Finally, serious logistical and legal considerations make deposition in China a far more

---

[1] Linglong asserts Mr. Wang is not a Plaintiff in this case but rather a Counterclaim Defendant and, therefore, that the general rules regarding deposition do not apply. However, Horizon agreed to move its claims against Linglong from California to this Court upon Linglong's urging and Mr. Wang was named as a Defendant in the California litigation. Accordingly, Linglong's argument that Mr. Wang did not choose to be a litigant in this forum, and therefore that different rules should apply to his deposition, is not well-taken.

difficult and questionable endeavor than deposing Mr. Wang in Linglong's chosen forum. Horizon asserts that "Feng Wang is perhaps the most important witness in this case," with relevant personal knowledge and personal involvement in the key events giving rise to this dispute.  (Docket #48 at p. 10.)  The Parties have represented to the Court that they have already engaged in a significant amount of discovery.  The breadth of the information sought and the volume of documents which may be referenced makes video conference deposition an insufficient substitute for Mr. Wang's in-person appearance.  Horizon indicates that all relevant documents should be produced by the respective Parties within the next month, leaving ample time prior to the discovery cut-off within which to schedule, make travel arrangements, prepare for and conduct Mr. Wang's deposition.

## Conclusion

For the foregoing reasons, the Motion for Protective Order filed by Linglong on February 10, 2016 (Docket #43) is hereby DENIED.  The Motion to Compel the Deposition of Feng Wang in Ohio filed by Horizon on February 29, 2016 (Docket #46) is hereby GRANTED.

The Parties shall confer and agree upon a date for deposition to take place in Ohio, keeping in mind the discovery cut-off date, December 31, 2015, previously agreed to by the Parties.  The Parties shall inform the Court of the steps taken to comply with this Order at the Status Conference scheduled for May 13, 2016.

IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 6, 2016