UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINGLONG AMERICAS INC., et al., | ) | CASE NO. 1:15CV1240 |
| Plaintiffs, | ) ) ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) ) ) | |
| HORIZON TIRE, INC., et al., | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon GCR Tire & Service's Motion for Assessment of Fees and Expenses. (ECF #90). The motion results from a dispute over how much non-party GCR should be reimbursed for fees the company incurred as a result of complying with a subpoena served by Horizon Tire, Inc. ("Horizon"). Horizon filed a brief in opposition to GCR's Motion for Assessment of Fees and Expenses. (ECF #92). GCR filed a reply in support of its motion. (ECF #93). Having considered all of the submissions, and having reviewed the applicable law, this Court finds that GCR's Motion for Assessment of Fees and Expenses should be GRANTED. GCR is awarded an amount of $39,905.

## Background

The case stems from a situation regarding a discovery dispute over the amount of costs and fees owed to non-party GCR for compliance with a subpoena. On February 16, 2016, Horizon issued a subpoena to GCR for information relevant to Linglong and Flagship, parties litigating in opposition to Horizon. (ECF #92-2). The subpoena sought documents in GCR's

possession or custody or documents in the control or possession of GCR's corporate affiliates. (ECF # 92-2). GCR retained the law firm Hanna, Campbell & Powell, LLP to investigate and respond to the subpoena. (ECF #90-1 at p. 2).

When initially served with the subpoena, GCR believed Horizon's document requests to be to be overbroad and burdensome because of the broad range of documents Horizon requested. (ECF #90-1 at p. 2). GCR communicated to Horizon the company did not have the proper tools to efficiently identify, review, or produce such broad range of documents. (Id.) GCR stated that in order to fully comply with the request, GCR would have to conduct interviews with GCR employees across the country to determine which custodians may have information relevant to Horizon's the subpoena. (Id.) GCR estimated that without narrowing the scope of the subpoena, the cost of compliance would be over $150,000. (Id.)

In order to make compliance with the subpoena manageable and less costly, GCR attorneys contacted a Horizon attorney shortly after service of the subpoena seeking to narrow the scope of requested documents. (Id.) In August 2016, after several months of discussions between attorneys from GCR and Horizon, Horizon provided GCR with a list of seven GCR custodians with records to be searched. (Id. at 3). Search terms initially provided by Horizon resulted in 7,000 hits for potential documents for these seven custodians. After continued discussions between GCR and Horizon, new search terms were formulated resulting in a collection of 1,316 potentially relevant documents. (Id. at 4). After working extensively to narrow the scope of the search, GCR worked to review documents for relevant information and to ensure there was no privileged or confidential information in the documents. (ECF 90-1, p.4).

In October 2016, Horizon served GCR with another subpoena in a related lawsuit filed in Texas state court. The second subpoena was similar to Horizon's subpoena to GCR in this case

and Horizon told that GCR that it could produce the same documents in response to both subpoenas. (ECF #92, p.3). Consequently, the second subpoena was characterized as placing no additional burden on GCR.

In February 2017, GCR attempted to be reimbursed for costs related to its work complying with the subpoena and sent Horizon a bill for costs incurred from the time of service of the subpoena in February 2016 up to that point. (ECF #92 at p. 4). The bill included $6,555 for data processing as well as about $20,000 for document review and other work related to narrowing the scope of the subpoena. (Id.) Horizon disputed the amount and stated it would consider paying GCR's IT-related expense, but not legal expenses incurred as a result from the subpoena. GCR then notified this Court of a discovery dispute and sought assurance of reimbursement before further production of documents. (ECF #76).

As a result of the fee dispute, this Court held a status conference with the parties on May 12, 2017. At the status conference, this Court ordered GCR to comply with the subpoena and ruled that GCR is entitled to "reasonable fees and expenses" incurred as a result of compliance with the subpoena. (ECF #81). This Court also stated that if GCR and Horizon could not agree on an amount, "GCR may submit a final bill to the Court for resolution." (Id.)

After the judgment from this Court, GCR continued to review over 1,300 documents and ultimately produced about 870 pages of documents. (ECF #90-1 at p. 4). GCR now seeks to have a total of $39, 905[1] in costs and attorney's fees reimbursed as a result of complying with

---

[1] In GCR's breakdown of costs and fees, GCR requested an amount of $43,006. However, Horizon pointed out a mathematical error in its opposition brief, which adjusts the total to $42,943. (ECF #91-1; ECF #92 at p. 6). Horizon also identified that $3,038 in fees related to a Texas deposition were erroneously included in GCR's fee request and should be excluded. (ECF #92 at p. 11). In its reply, GCR stipulated that the inclusion of the $3,038 was in error and should be reduced from the requested total. (ECF #93, p.8). This reduces the final total GCR requests to $39,905.

3

Horizon's subpoena. (ECF #92 at p. 9). Horizon claims that GCR's claimed expenses are not reasonable because the costs are exaggerated, poorly documented, or incurred as a result of its own efforts to resist complying with the subpoena. (Id.) Further, Horizon asserts that GCR is entitled to none of the attorney's fees incurred while litigating the fee dispute. (Id.) Horizon does not dispute the reasonableness of GCR's attorneys' hourly rates and does not believe the rates were unusually high. (Id. at 6). Horizon only argues the amount GCR seeks is not reasonable because the work pace was slow, unnecessary, or incurred from types fees not reimbursable under Rule 45. Horizon suggests a total amount of $9,993 to be reimbursed to GCR for its work responding to Horizon's subpoena. (Id. at 15). Horizon also argues that only half of this total should be reimbursed through this Court and the other half should be reimbursed through the case pending in Texas state court. (Id. at 11).

## Analysis

Federal Rule of Civil Procedure 45 provides that when a court orders compliance with a subpoena over an objection, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). This provision has been deemed to "make cost shifting mandatory in all instances which a non-party incurs significant expense from compliance with a subpoena." *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013); *Linder v. Calero-Portocarrero*, 251 F.3d 178 (D.C. Cir. 2001). Consequently, if a subpoena imposes expenses on a non-party and those expenses are deemed "significant," a district court is required to "protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder non-significant." *Linder*, 251 F.3d at 182. The determination of what costs are significant is within the sound discretion of the trial court. *Sound Sec., Inc. v. Sonitrol Corp.*, No. 3:08-cv-05359-RBL, 2009 WL 1835653, at

*1 (W.D. Wash. June 6, 2009). Expenses incurred complying with a subpoena must also be reasonable, and the determination of reasonableness is also within the trial court's discretion. *In re Aggrenox Antitrust Litigation*, No. 3:14-md-02516 (SRU), 2017 WL 4679228, at *2 (D. Conn. Oct. 18, 2017). Rule 45 (d)(1) also provides that a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." F.R.C.P 45 (d)(1). This provision therefore permits district courts to award a party with reasonable attorney's fees incurred litigating a fee dispute related to a subpoena. *In re Aggrenox Antitrust Litigation*, 2017 WL 4679228, at *3.

When addressing the question of what constitutes reasonable attorney's fees, courts use the Lodestar method. The Lodestar method identifies reasonable attorney's fees by multiplying "the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016). The reasonable hourly rate is the amount that "a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Reasonableness of legal fee expenses is therefore demonstrated if the incurred fees have already been paid by the client, since this indicates the market value of legal services. *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 72 F.3d 150, 153 (7th Cir. 1996).

A. Costs of Compliance with Horizon's Subpoena

GCR claims to have incurred a total of $24,567 in fees resulting directly from complying with the subpoena and the production of documents. (ECF #92 at p. 15). This amount includes IT

expenses and other expenses related to document review and attorney's fees incurred working with Horizon to narrow the scope of the subpoena. Because this Court deems these costs to be "significant," this Court has the duty protect non-party GCR from these costs resulting from compliance with the subpoena. *Linder*, 251 F.3d at 182. Horizon argues that even if some of these costs are reasonable costs "resulting from compliance," GCR's requested amount is excessive when compared to the number of documents produced and pace of document review. (ECF #92 at p. 8). Horizon also claims that GCR should have billed more time to associates and paralegals instead of partners and expenses and should be reduced accordingly. (Id.) However, as GCR notes, not all of the costs spent complying with the subpoena were spent on document review. Aside from document review, GCR's attorneys worked extensively to narrow the scope of the subpoena and worked with Horizon to make the document search more manageable and efficient. (ECF #93 at p. 2). The process of narrowing the scope of the subpoena appears to have taken several months and numerous communications between GCR's and Horizon's attorneys. (Id.) Consequently, when taking into account the fact that much of the fees were incurred from working with Horizon to narrow the scope of the subpoena, and not from actual document review, the incurred charges are reasonable. Moreover, because GCR has actually already paid all of these fees, this Court determines these fees are reasonable.

Consequently, after reviewing the costs of document review and production and other costs related to narrowing the scope of the subpoena, this Court determines these fees and expenses to be reasonable costs "resulting from compliance" from Horizon's subpoena. Rule 45(d)(2)(B)(ii) therefore mandates this Court shift these significant costs to the party seeking discovery. GCR is therefore awarded the $24,567 for costs the company incurred directly responding to the subpoena or through working with Horizon to make the scope of discovery

more manageable.

**B. Attorney's Fees Incurred Litigating the Fee Dispute**

In addition to costs related to document review and narrowing the scope of the subpoena, GCR argues the company is entitled to $15,338 in attorney's fees incurred as a result of filing motions and litigating the fee dispute. Horizon argues the attorney's fees GCR incurred litigating the fee dispute are not reimbursable under Rule 45 because these expenses were not incurred "resulting from compliance" from the subpoena. (ECF #92 at p. 9). This Court disagrees with Horizon and determines that the fees GCR expended litigating the subpoena are reasonable and related to the scope of the subpoena. Rule 45(d)(2)(B)(ii) mandates that this Court protect non-parties from "significant expenses" resulting from compliance with a subpoena. GCR has incurred the significant cost of $15,338 in attorney's fees while litigating the subpoena and pursuing the cost-shifting measures contemplated by Rule 45. (ECF #92 at p. 9). This Court determines that the attorney's fees GCR has spent in litigating the subpoena fee dispute are significant and therefore require cost-shifting. Moreover, Rule 45(d)(1) also gives this Court discretion to protect a non-party from costs resulting from a subpoena by awarding reasonable attorney's fees incurred litigating the subpoena. *See In re Aggrenox Antitrust Litigation*, 2017 WL 4679228, at *3. Therefore, because Rule 45 allows this Court the discretion to award attorney's fees for litigating a subpoena, GCR should be reimbursed attorney's fees incurred litigating the fee dispute.

The $15,338 in fees GCR seeks to be reimbursed through litigating the subpoena is also a reasonable amount in this context. When applying the Lodestar method to calculate a reasonable award of attorney's fees, the reasonable hourly rate is multiplied by the reasonable hours expended. Horizon and GCR do not dispute that the rate charged by GCR's attorneys was a

reasonable hourly rate. (ECF #92 at p. 6). Horizon also does not challenge the amount of time expended to litigate the subpoena and only suggests that because the fees incurred litigating the subpoena are not "costs of compliance," the fees should not be reimbursed at all. (Id. at 9). However, this Court does have the discretion to award attorney's fees spent litigating the subpoena and decides to do so in this case. *See In re Aggrenox Antitrust Litigation*, 2017 WL 4679228, at *3. Additionally, because GCR has provided documentation of attorney billing and has shown that GCR has already paid the attorney's fees in question, these are further demonstrated to be reasonable.

Consequently, because this Court has the discretion to award attorney's fees spent litigating a subpoena and because the requested attorney's fees are deemed "reasonable," GCR is entitled to be reimbursed the $15,338 in attorney's fees incurred litigating the subpoena and fee dispute.

## C. Subpoena for Texas Litigation

Horizon also argues that because the same documents requested by the subpoena through this case are being used in a case in Texas state court, GCR should have to recover half of its fees through the Texas court. (ECF #92 at p.10). This Court does not have jurisdiction over the state court action in Texas and would not be able to ensure GCR would be able to recover its fees from the Texas court. Moreover, just because a nearly identical subpoena was later issued to GCR does not mean GCR should not be able to recover the full amount through this Court. GCR has already expended much time and money litigating the fee dispute and requiring further litigation would only lead to a further increase in fees. Consequently, requiring GCR to litigate in another court would only further frustrate Rule 45's purpose of cost protection for non-parties served with a subpoena. Accordingly, this Court holds that the full amount of $39,905 is

reimbursable through this case.

## Conclusion

For the reasons set forth above, GCR's Motion for Assessment of Fees and Expenses is GRANTED. Horizon is ordered to reimburse GCR $24,567 for fees related to document production and $15,338 in attorneys' fees GCR incurred litigating the fee dispute. Consequently, Horizon is ordered to reimburse GCR a total of $39,905.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: April 4, 2018